EL PUEBLO DE PUERTO RICO, recurrido, *v.* JOSÉ BÁEZ MOLINA, peticionario.

*Número:* CE-91-566       *Resuelto:* 18 de diciembre de 1991

*Fleming Castillo Alfaro*, abogado del peticionario; *Jorge E. Pérez Díaz, Procurador General, Anabelle Rodríguez, Subprocuradora General,* y *Rose Mary Corchado Lorent, Procuradora General Auxiliar*, abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

Por hechos alegadamente ocurridos el 12 de junio de 1991, José Báez Molina y Edwin Bermúdez Román fueron denunciados por infracción al Art. 15 de la Ley para la Protección de la Propiedad Vehicular, Ley Núm. 8 de 5 de agosto de 1987 (9 L.P.R.A. sec. 3214).

El 5 de julio de 1991 se celebró la vista preliminar. A la luz de la prueba de cargo, el Tribunal de Distrito, Sala de San Juan (Hon. José R. Caquías, Juez), dictaminó *que no existía causa probable.*

El 8 de julio de 1991 el Ministerio Público solicitó una vista preliminar en alzada. Señalada para el 1ro de agosto, no comparecieron los imputados ni se personaron los testigos de cargo. Ante esa situación, el Tribunal Superior (Hon. René Arrillaga Beléndez, Juez) hizo constar que ambos imputados habían sido citados y determinó causa probable sin que el Ministerio Público desfilara prueba. Contra ese dictamen, únicamente Báez Molina solicitó reconsideración.

Oportunamente el tribunal, mediante resolución escrita, reafirmó su criterio. Consignó que los pronunciamientos esbozados en *Pueblo v. Méndez Pérez*, 120 D.P.R. 137 (1987), y en *Pueblo v. Félix Avilés*, 128 D.P.R. 468 (1991), a los efectos de que la vista en alzada podía celebrarse en ausencia del imputado debidamente citado " '*como si el imputado estuviese presente*, de acuerdo a lo establecido por las Reglas de Procedimiento Criminal y por nuestra jurisprudencia' " —(énfasis suplido) *Exhibit* I, pág. 3— constituían simplemente *dictums* y no requerían el desfile de la prueba por el Ministerio Fiscal.

Inconforme, a solicitud de Báez Molina, mediante orden de mostrar causa revisamos.

## II

Coincidimos con el ilustrado foro de instancia y con el Procurador General en que la vista preliminar inicial y en alzada son de génesis *estatutaria;* por tal razón, no le son extendibles necesariamente los preceptos constitucionales aplicables al proceso posterior. *Pueblo v. Rodríguez Aponte*, 116 D.P.R. 653, 660 (1985). Ello no obsta para que, en ausencia de otro mecanismo o mandato de la Asamblea Legislativa, jurisprudencialmente hayamos reconocido que *existe una diferencia procesal en ambas etapas* que exige un tratamiento distinto. Nos explicamos.

En el caso de autos, el Ministerio Fiscal anunció que acudiría en alzada, pues en la vista preliminar original *no* se determinó causa probable contra Báez Molina. *Ese dictamen fue el producto judicial destilado, después que un juez oyó la prueba de cargo*. Significó dos (2) cosas: una determinación judicial, a la cual le cobija una presunción de corrección que requiere prueba para ser rebatida, y con sujeción a los trámites ulteriores posibles, una exoneración a la persona de Báez Molina y su libertad. Estas circunstancias peculiares son cruciales y debilitan el automatismo procesal que invoca el Procurador General, y en el cual descansó el ilustrado tribunal de instancia.

Salvo que la Asamblea Legislativa disponga expresamente lo contrario, reiteramos que la incomparecencia de un imputado a una vista preliminar en *alzada* sólo significa su anuencia a que se celebre en su ausencia *mediante el desfile de prueba por el Ministerio Fiscal. Pueblo v. Félix Avilés*, supra; *Pueblo v. Méndez Pérez*, supra. A fin de cuentas, no podemos olvidar que previamente un juez oyó la prueba y determinó no causa probable.

■ Este enfoque representa el más justo balance de los intereses en pugna y sirve el propósito de encausar a los imputados de delito, a la par que es compatible con la razón básica de toda vista preliminar: evitar que se someta arbitraria e injustificadamente a un ciudadano a los rigores de un proceso criminal.

*Se dictará sentencia que expida el auto y revoque la resolución del Tribunal Superior.*(¹)

---

(¹) En auxilio de jurisdicción, previamente, habíamos ordenado la celebración de la vista preliminar, exigiendo al Ministerio Fiscal que presentara prueba.