EL PUEBLO DE PUERTO RICO, apelado, *v.* FÉLIX LUIS RIVERA RIVERA, acusado y apelante.

*Número:* CR-94-44          *Resuelto:* 24 de junio de 1996

*Zinia I. Acevedo Sánchez*, de la *Sociedad para Asistencia Le-*

*gal*, abogada del apelante; *Carlos Lugo Fiol, Procurador General*, abogado de El Pueblo.

## SENTENCIA

### I

Félix L. Rivera Rivera fue citado y asistió con su abogado a una vista de causa probable para arresto conforme a la Regla 6 de Procedimiento Criminal, 34 L.P.R.A. Ap. II. El Hon. José A. Ramos, Juez del Tribunal Municipal, luego de escuchar a tres (3) testigos de cargo, determinó que *no existía causa probable* para el arresto en todos los cargos.

El Ministerio Público acudió en alzada al Tribunal de Distrito (Hon. Lydia Couvertier, Juez). Oportunamente, Rivera Rivera fue citado y compareció acompañado de un abogado. Antes de comenzar la vista, anunció como testigo al Juez Ramos. El tribunal le indicó *que en esa etapa de los procedimientos no permitiría prueba de defensa.* Iniciada la vista, después de escuchar y ser contrainterrogado el primer testigo de cargo, Sra. Gloria Cruz González, la Juez Couvertier preguntó directamente a Rivera Rivera a qué se dedicaba. Su abogado intervino y expresó que el imputado haría uso de su derecho a no autoincriminarse. La Juez Couvertier explicó que su pregunta era para propósitos de fijar la fianza, pues ya había determinado causa en cuanto *a uno* de los casos de robo sobre el cual la testigo había declarado.

La defensa objetó. Planteó que la vista no había terminado ni había presentado su prueba. El tribunal denegó la objeción y expresó que *no estaba obligado a escuchar la prueba de defensa.* Subsiguientemente, escuchó el resto de la prueba del Ministerio Público y determinó que era suficiente para determinar causa por todos los delitos imputados, ya que existía la *scintilla* de evidencia necesaria. *Se*

*reafirmó en que en esa etapa de los procedimientos no per-
mitiría la prueba de defensa.*

Pendientes los casos para la vista preliminar, Rivera Rivera presentó la Moción de Supresión de Identificación y al Amparo de la Regla 64(P) de Procedimiento Criminal. Alegó que no se había determinado causa para arresto conforme a derecho. Se fundamentó en que la Juez Couvertier hizo su determinación antes de que finalizara la prueba de cargo, violándosele su derecho a presentar prueba, en contravención a la propia Regla 6 de Procedimiento Criminal, *supra.* Adujo, también, una infracción al debido proceso de ley al privarlo de la comparecencia compulsoria de testigos, estar representado por un abogado y a la presunción de inocencia. Finalmente, expresó que el procedimiento de identificación estuvo viciado y que procedía la supresión de dicha evidencia.

El Hon. Richard Negrón, Juez de Distrito, decidió no intervenir y ordenó el traslado de la moción al Tribunal Superior, por entender que no podía pasar juicio sobre una determinación de un juez de igual jerarquía. El Tribunal Superior (Hon. Francisco A. Padilla, Juez) declaró no ha lugar la moción por entender que era prematura.

La celebración de la vista preliminar en el Tribunal de Distrito (Hon. Héctor Conty Pérez, Juez) fue señalada para el 9 de diciembre de 1993. Antes de comenzar, Rivera Rivera objetó que fuera a celebrarse sin haberse considerado la aludida Moción de Supresión de Identificación y al Amparo de la Regla 64(P) de Procedimiento Criminal. El planteamiento fue declarado sin lugar.[1] Con vista a lo declarado por los testigos de cargo y luego de que fueran contrainterrogados, el tribunal encontró causa probable para acusar por tres (3) de los diez (10) cargos original-

---

[1] De la minuta de la vista preliminar de 9 de diciembre de 1993 surge que el Tribunal de Distrito de Juana Díaz denegó esa objeción, fundado en que la moción presentada era prematura, según lo resuelto por el Hon. Juez Francisco A. Padilla del Tribunal Superior, Sala de Ponce.

mente presentados. El Ministerio Público acudió en alzada por esta determinación.(²)

Antes de que se efectuara la vista preliminar en alzada, la defensa presentó su Moción para Presentar Alegación de no Culpable, de Supresión de Identificación y al Amparo de la Regla 64-P de Procedimiento Criminal. Además, presentó otra en la que objetó, por los mismos fundamentos, la celebración de la vista preliminar en alzada. Ambas mociones fueron declaradas sin lugar. El 21 de marzo de 1994 se celebró la vista preliminar en alzada y determinó causa por uno (1) de los cinco (5) cargos bajo consideración. La defensa solicitó la consolidación de este caso con los demás en los que ya se había determinado causa.

Subsiguientemente, Rivera Rivera solicitó al Tribunal Superior que considerase sus mociones. El tribunal accedió y, luego de una vista separada, se negó a desestimar. La supresión de identificación fue consolidada con el juicio.

Luego de la prueba, Rivera Rivera fue convicto en juicio por tribunal de derecho de dos (2) cargos de robo y violación a los Arts. 6 y 8 de la Ley de Armas de Puerto Rico, 25 L.P.R.A. secs. 416 y 418. El Tribunal Superior, Sala de Ponce (Hon. Francisco Ortiz Rivera, Juez), lo sentenció a pena de reclusión de doce (12) años por cada cargo de robo y de seis (6) años por las violaciones a la Ley de Armas de Puerto Rico, que habrían de cumplirse de manera concurrente. Se le concedió los beneficios de una sentencia suspendida.

No conforme, acudió ante nos.(³) La evaluación ade-

---

(²) El 15 de diciembre de 1993, el Ministerio Público presentó una moción para solicitar la celebración de la vista preliminar en alzada (Regla 24(c) de Procedimiento Criminal, 34 L.P.R.A. Ap. II) por los restantes siete (7) cargos. El 29 de diciembre de 1993 se presentó una denuncia por sólo cinco (5) de estos cargos.

(³) Alega:

"1. 'ERRÓ LA HONORABLE JUEZ LYDIA COUVERTIER, DEL TRIBUNAL DE DISTRITO DE JUANA DÍAZ, AL CELEBRAR UNA VISTA DE CAUSA PARA ARRESTO EN ALZADA DENEGANDO AL INICIO DE LA VISTA LA SOLICITUD DE LA DEFENSA PARA PRESENTAR TESTIGOS, DETERMINAR CAUSA PRO-BABLE CON LA DECLARACIÓN DE LA PRIMER [sic] TESTIGO DEL MINISTE-

cuada de su planteamiento requiere repasar algunos principios que sirven de base a nuestro procedimiento criminal.

## II

*Primero*, el Art. II, Sec. 10 de nuestra Constitución, L.P.R.A., Tomo 1, establece varias garantías. De ordinario, un arresto requiere, como requisito previo, una *determinación de causa probable* por parte de un magistrado, como figura neutral. E.L. Chiesa, *Derecho procesal penal de Puerto Rico y Estados Unidos*, Colombia, Ed. Forum, 1991, Vol. I.

*Segundo*, si el delito es grave la determinación de causa

RIO PÚBLICO SIN HABER CONCLUIDO LA PRUEBA DE CARGO O HABERSE SOMETIDO EL CASO, ESCUCHANDO POSTERIORMENTE LA DECLARACIÓN DE LOS DEMÁS TESTIGOS DEL MINISTERIO PÚBLICO. DICHA ACTUACIÓN CONSTITUYE UNA VIOLACIÓN A LAS DISPOSICIONES DE LA REGLA 6 DE LAS DE PROCEDIMIENTO CRIMINAL, AL DERECHO DEL ACUSADO A LA PRESUNCIÓN DE INOCENCIA, A CONFRONTAR LA PRUEBA ADVERSA, A UNA EFECTIVA REPRESENTACIÓN LEGAL, A PRESENTAR TESTIGO DE DEFENSA Y AL DEBIDO PROCESO DE LEY GARANTIZADO EN LA CONSTITUCIÓN'.

"2. 'ERRÓ EL HONORABLE JUEZ RICHARD NEGRÓN, DEL TRIBUNAL DE DISTRITO DE JUANA DÍAZ, AL ORDENAR EL TRASLADO DE LA MOCIÓN DE DESESTIMACIÓN DE LA DENUNCIA AL AMPARO DE LA REGLA 64(P) DE LAS DE PROCEDIMIENTO CRIMINAL AL TRIBUNAL SUPERIOR DE PONCE, POR CONSIDERAR QUE NO PODÍA PASAR JUICIO SOBRE UNA DETERMINACIÓN EMITIDA POR UN JUEZ DE IGUAL JERARQUÍA'.

"3. 'ERRÓ EL HONORABLE JUEZ FRANCISCO A. PADILLA, DEL TRIBUNAL SUPERIOR DE PONCE, AL NO CONSIDERAR EN LOS MÉRITOS LA MOCIÓN DE LA DEFENSA PARA LA DESESTIMACIÓN DE LA DENUNCIA AL AMPARO DE LA REGLA 64(P) DE LAS DE PROCEDIMIENTO CRIMINAL Y LA MOCIÓN DE RECONSIDERACIÓN PRESENTADA A LOS MISMOS FINES, POR CONSIDERAR QUE ÉSTAS ERAN PREMATURAS EN ESA ETAPA DE LOS PROCEDIMIENTOS'.

"4. 'ERRÓ EL HONORABLE JUEZ HÉCTOR CONTY PÉREZ, DEL TRIBUNAL DE DISTRITO DE JUANA DÍAZ, AL CELEBRAR LA VISTA PRELIMINAR BAJO LA REGLA 23 DE LAS DE PROCEDIMIENTO CRIMINAL, CUANDO YA OTRO JUEZ DEL TRIBUNAL DE DISTRITO DE JUANA DÍAZ HABÍA ATENDIDO UNA VISTA DE CAUSA EN ALZADA BAJO LA REGLA 6 DE PROCEDIMIENTO CRIMINAL'.

"5. 'ERRÓ LA HONORABLE ELBA ROSA RODRÍGUEZ FUENTES, DEL TRIBUNAL SUPERIOR DE PONCE, AL CELEBRAR UNA VISTA PRELIMINAR EN ALZADA CUANDO PREVIAMENTE SE HABÍAN CELEBRADO TRES (3) VISTAS DE CAUSA Y DOS (2) HABÍAN RESULTADO ADVERSAS AL MINISTERIO PÚBLICO'." Alegato del apelante, págs. 16–18.

probable consiste de dos (2) fases: una para el *arresto* y otra para *acusar*.([4])

*Tercero*, todo acusado tiene derecho a obtener la comparecencia compulsoria de testigos a su favor, asistencia de abogado y a gozar de la presunción de inocencia. El juicio en su fondo es el momento realmente culminante y crítico, pues allí se adjudica *en sus méritos* la culpabilidad o inocencia del acusado. *Pueblo v. Rodríguez Aponte*, 116 D.P.R. 653, 660 (1985).

*Cuarto*, el derecho a presentar prueba a su favor en una etapa anterior al juicio debe ser evaluado contra el trasfondo histórico de las Reglas de Procedimiento Criminal y de esta forma identificar los propósitos para los que fueron creadas. *Pueblo v. Rodríguez Aponte*, supra.

*Quinto*, la vista para determinar causa probable para el arresto *es de naturaleza estatutaria y no constitucional*. Por lo tanto, "no es correcto ni jurídicamente apropiado —como método adjudicativo— el análisis teórico que transtermina mecánicamente los preceptos constitucionales a las Reglas de Procedimiento Criminal". *Pueblo v. Rodríguez Aponte*, supra, pág. 660. Sin embargo, una vez incorporada, por acción legislativa, se convierte en parte integrante del debido procedimiento de ley. *Pabón Rodríguez y Díaz López, Ex parte*, 132 D.P.R. 898 (1993); *Pueblo v. Prieto Maysonet*, 103 D.P.R. 102, 107–108 (1974).

*Sexto*, los derechos de que goza un individuo que es sometido a un proceso criminal varían de acuerdo con la etapa en que se encuentre el caso. Su alcance queda delimitado por la finalidad de la institución procesal. Nunca hemos concedido un derecho *absoluto* a presentar prueba a su favor antes del juicio en sus méritos.

---

([4]) Para esta última fase, el legislador ha provisto para la celebración de una vista preliminar. En esta vista, descrita como "el umbral del debido proceso de ley", el imputado tendrá el derecho estatutario de contrainterrogar los testigos en su contra y ofrecer prueba a su favor. Véase *Hernández Ortega v. Tribunal Superior*, 102 D.P.R. 765, 774 (1974).

Con vista a estos principios, examinemos los señalamientos de Rivera Rivera.

## III

En el primero se queja de que se celebrara la vista de causa para arresto en alzada sin permitírsele presentar testigos a su favor, y al determinar causa probable sin haberse concluido la prueba de cargo.

La propia Regla 6(a) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, enumera los derechos del imputado en esa vista. Dispone, en lo pertinente:

> En esta determinación de causa probable el imputado tendrá derecho a estar *asistido de abogado, a contrainterrogar los testigos en su contra y a ofrecer prueba a su favor.* (Énfasis suplido.) Íd.

Este párrafo fue añadido mediante la Ley Núm. 29 de 19 de junio de 1987 (34 L.P.R.A. Ap. II) como parte de un experimento legislativo para eliminar la vista preliminar en algunas instancias, con el propósito de acelerar los procedimientos anteriores al juicio. Según la enmienda, si el imputado de delito comparecía a la vista de causa para arresto acompañado de un abogado y el magistrado examinaba a algún testigo con conocimiento personal de los hechos imputados, la determinación de causa probable, aun por el delito grave, tenía el efecto de prescindir de la vista preliminar. El experimento no resultó y se enmendó de nuevo la regla, restituyéndose el anterior estado de derecho.[5] Sin embargo, el párrafo que dispone los derechos del imputado en esa etapa *inexplicablemente* no fue eliminado.

Según está redactada, luego de las enmiendas mencionadas, la Regla 6(a) de Procedimiento Criminal, *supra*, da la impresión de que el imputado —incluso en delitos menos

---

[5] Ley Núm. 26 de 8 de diciembre de 1990 (34 L.P.R.A. Ap. II).

graves— puede reclamar el *derecho absoluto* a estar presente en esa vista y ofrecer prueba a su favor, convirtiéndose en una de carácter adversativo. Esto es exactamente lo que reclama el apelante Rivera Rivera.

Esa interpretación genera serias incongruencias con las restantes disposiciones de la citada Regla 6, a saber, la que autoriza la celebración de una vista *ex parte* en ausencia del imputado.[6] Además, esa posición propiciaría la duplicidad de los procedimientos en casos de delito grave, ya que subsistiría la vista preliminar, en la cual indudablemente existe el derecho estatutario a contrainterrogar a los testigos en su contra y a ofrecer prueba de defensa.

Al delimitar el alcance de estos derechos, recordamos que en el pasado hemos permitido un análisis más flexible de las normas procesales fundado en la creación y aplicación de argumentos por analogía. *Álvarez v. Tribunal Superior*, 102 D.P.R. 236, 238 (1974).

Existe una gran semejanza ("identidad") entre las Reglas 6 y 23 de Procedimiento Criminal, 34 L.P.R.A. Ap. II. Ambas persiguen reglamentar los procedimientos de determinación de causa probable, sin la cual no puede darse curso a la denuncia. *Álvarez v. Tribunal Superior*, supra.

La facultad de contrainterrogar y de presentar prueba a su favor en esa etapa no tiene un alcance irrestricto.[7] De

---

[6] La Regla 6(b) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, dispone que una vez se haya arrestado a la persona, ésta sea conducida sin dilación innecesaria ante un magistrado.

[7] En resumen, hemos establecido que: el propósito de la vista preliminar se limita a determinar la probabilidad de la existencia o no de causa probable para creer que se ha cometido un delito y que éste ha sido cometido por el acusado, *Pueblo v. Opio Opio*, 104 D.P.R. 165, 171 (1975); *Pueblo v. López Camacho*, 98 D.P.R. 700, 702 (1970); *Pueblo v. Figueroa Castro*, 102 D.P.R. 279, 284 (1974); aunque su función es propiamente judicial, no se trata de un "mini juicio", *Pueblo v. Rodríguez Aponte*, 116 D.P.R. 653 (1985); tampoco se tiene que probar la culpabilidad del acusado más allá de duda razonable; el Ministerio Público no está obligado a presentar toda la evidencia que posea contra el acusado, *Pueblo v. Vélez Pumarejo*, 113 D.P.R. 349 (1982); sólo tiene que presentar prueba suficiente para establecer que existe causa probable sobre todos los elementos del delito y su conexión con el imputado, *Vázquez Rosado v. Tribunal Superior*, 100 D.P.R. 592 (1972); cuando el magistrado llega al convencimiento judicial de que la prueba es suficiente para una determinación de causa probable, puede limitar el contrainterrogatorio y suprimir la prueba de de-

otro modo, desvirtuaríamos su propósito. Según expresamos, la vista tiene como objetivo constitucional interponer la figura imparcial de un magistrado para establecer el control judicial sobre una persona. Intenta proteger al individuo de un arresto irrazonable y no es una adjudicación en los méritos de su culpabilidad o inocencia. *Una vez el juez instructor se convence de la existencia de causa probable, puede delimitar o regular el alcance y la duración de la prueba de defensa.*

## IV

En el caso de autos, el Tribunal de Distrito, aunque le concedió a Rivera Rivera la oportunidad de contrainterrogar a los testigos de cargo, *le impidió presentar testigos a su favor.* Esa actuación fue arbitraria e irrazonable; estuvo fundamentada en que *no estaba obligada a escuchar la prueba de defensa.* Su solicitud de presentar un sólo testigo fue razonable, y ciertamente no hay indicios de que hubiese demorado innecesariamente los procedimientos.

Ahora bien, ¿subsanó ese error la celebración de la vista preliminar según la citada Regla 23?

En *Pueblo v. Rodríguez Aponte*, supra, págs. 666–667, dijimos que la vista preliminar es "ecléctica"; es decir, que tiene características retrospectiva y prospectiva. Definimos así ambas visiones:

> Como este término sugiere, la preocupación primaria de la vista retrospectiva es con respecto a la legalidad del arresto y la validez de la detención. La pesquisa en la vista se manifiesta en la investigación hacia el pasado, al momento del arresto. Está diseñada para detectar detenciones ilegales de todas clases. Su

---

fensa, *Pueblo v. Cruz Bayona*, 124 D.P.R. 568 (1989); *El Vocero de P.R. v. E.L.A.*, 131 D.P.R. 356 (1992); si de la prueba de cargo no surge la posibilidad de que se haya cometido el delito o que el acusado lo cometió, será deber del Magistrado exonerarlo y ordenar su libertad, *Pueblo v. Miró González*, 131 D.P.R. 839 (1993); la determinación sobre la existencia o no de causa probable goza, como cualquier otro dictamen judicial, de presunción legal de corrección. *Pueblo v. Tribunal Superior*, 104 D.P.R. 454 (1975); *Rabell Martínez v. Tribunal Superior*, 101 D.P.R. 796 (1973).

interés se centra en una revisión de la legalidad de la detención. Se enfatiza el aspecto de la naturaleza preliminar no determinante ni final del procedimiento. El procedimiento no es un juicio sino un mecanismo inicial para cotejar la validez del arresto. El foro de la investigación se concentra mayormente en los hechos que dieron lugar al arresto, en contraste con la posible inocencia o culpabilidad del acusado desde el punto de vista jurídico.

El modelo de visión *prospectiva* se orienta hacia el futuro: el juicio. El interés gira en cuanto a la probabilidad de culpabilidad o inocencia del acusado. Se destaca una preocupación por evitar o prevenir ulteriores procedimientos innecesarios. Por el papel central y más activo que juega el magistrado, se enfatiza su carácter más judicial, en contraste con el primer modelo señalado. Puede apreciar la credibilidad de testigos y debe estar dispuesto a desestimar los cargos de estimar insuficiente la prueba presentada por el Estado. Este último aspecto es fundamental en el modelo prospectivo. (Énfasis en el original.)

Es evidente, pues, que debido a su cualidad retrospectiva, la vista preliminar constituye *un segundo cedazo con respecto a la razonabilidad y legalidad del arresto.* Por lo tanto, una determinación *válida* de causa probable para acusar bajo la citada Regla 23 tiene el efecto de enmendar cualquier bifurcación en el procedimiento llevado a cabo al amparo de la referida Regla 6. El profesor Chiesa nos dice:

... Me parece poco menos que evidente que una válida determinación de causa probable para acusar en vista preliminar *subsana todo género de error en la determinación de causa probable para el arresto.* En primer lugar, la vista preliminar, como se verá en el próximo capítulo, es un procedimiento más formal y en el cual el imputado tiene más derechos que en el procedimiento de determinación de causa probable para el arresto. *En segundo lugar, la vista preliminar constituye una revisión de la determinación de causa probable para el arresto, en cuanto al aspecto central de si se puede o no continuar el proceso criminal contra el imputado.*

Esto tiene apoyo en la caracterización de nuestra vista preliminar como ecléctica, en el sentido de que aunque se aproxima más hacia la visión prospectiva, también participa de la visión retrospectiva. (Énfasis suplido y escolio omitido.) Chiesa, *op. cit.*, 1993, Vol. III, pág. 48.

En su apelación, Rivera Rivera no cuestiona la correc-

ción de la determinación de causa probable para acusarlo hecha en la vista preliminar. Del expediente no surge que se haya cometido algún error en esa determinación, por lo que ésta subsanó el error cometido en la vista de causa para arresto.

## V

El segundo y tercer señalamientos de error van dirigidos a cuándo debió presentarse la moción de desestimación al amparo de la Regla 64(p) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, y si procedía su traslado.

El magistrado que actúa y preside una vista bajo la Regla 64(p) de Procedimiento Criminal, *supra*,[8] propiamente no revisa al juez que determinó causa probable, *"por l[o] cual poco importa que se trate de magistrados de 'igual categoría' "*. (Énfasis suplido.) *Pueblo v. Rodríguez Ríos*, 136 D.P.R. 685, 692 (1994).

Ahora bien, nos persuade la posición del Procurador General al caracterizar el error como "inconsecuente". El hecho de que se refirió y eventualmente sometió la mencionada moción a un juez de superior jerarquía, sólo benefició al imputado Rivera Rivera, quien no nos ha demostrado que el traslado afectara sus derechos.

Tampoco erró el Tribunal Superior al no resolver los méritos de la moción por entender que era prematura. Una moción bajo la citada Regla 64(p) solicita la desestimación de la "acusación o denuncia".[9] La acusación se define

---

[8] Una moción al amparo de la Regla 64(p) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, sólo será declarada con lugar en caso de ausencia total de prueba para creer que el peticionario cometió el delito que se le imputa o si no se cumplió con el procedimiento estatuido en las vistas de causa para arresto o acusar. *Pueblo v. Tribunal Superior*, 104 D.P.R. 454, 459 (1975).

[9] La moción para desestimar la acusación o la denuncia, o cualquier cargo de éstas, sólo podrá apoyarse en uno o más de los fundamentos siguientes:

"(p) Que se ha presentado contra el *acusado una acusación o denuncia*, o algún cargo de las mismas, sin que se hubiere determinado causa probable por un magistrado u ordenado su detención para responder del delito, con arreglo a la ley y a derecho." (Énfasis suplido.) Regla 64(p) de Procedimiento Criminal, *supra*.

como "una alegación escrita hecha por un fiscal al Tribunal Superior, en la cual se imputa a una persona la comisión de un delito. La primera alegación de parte del Pueblo en un proceso iniciado *en el Tribunal Superior será la acusación.* Se firmará y jurará por el fiscal y se radicará en la Secretaría del Tribunal Superior correspondiente". (Énfasis suplido.) Regla 34(a) de Procedimiento Criminal, 34 L.P.R.A. Ap. II.

Por otro lado, la *denuncia* es definida como "[l]a primera alegación en un proceso iniciado en el Tribunal de Distrito". Regla 34(b) de Procedimiento Criminal, 34 L.P.R.A. Ap. II. En casos de delitos menos grave, la denuncia será la alegación inicial del Estado y, posteriormente, ese mismo documento se convertirá en el pliego acusatorio o acusación. En el caso de delito grave, la denuncia es sólo la alegación inicial que sirve de base a los procedimientos anteriores al juicio, pero luego será sustituida por la acusación o el pliego acusatorio que servirá de base a las alegaciones del acusado y a los procedimientos posteriores, como lo es el juicio. Chiesa, *op. cit.*, Vol. III, Sec. 24.1, págs. 140–141.

Cuando se imputa un delito grave, no existe una *acusación*[10] hasta que se haya celebrado la vista preliminar; es ahí donde se autoriza al Ministerio Público a presentarla. Nótese que la propia Regla 64(p), *supra*, se refiere al *"acusado"*, quien es la persona contra la cual se ha presentado una acusación.

Cuando el delito imputado es grave, el momento oportuno para presentar una moción al amparo de la Regla 64(p), *supra, es con posterioridad a la celebración de la vista preliminar.* En consecuencia, el Tribunal Superior de-

---

[10] El Prof. Ernesto L. Chiesa define la acusación como " 'el pliego acusatorio' que contiene las imputaciones del Pueblo contra el acusado, independientemente de la naturaleza del delito imputado (grave o menos grave) y de la sección del Tribunal de Primera Instancia ante la cual se halle pendiente el caso". E.L. Chiesa, *Derecho procesal penal de Puerto Rico y* Estados Unidos, Colombia, Ed. Forum, 1993, Vol. III, Sec. 24.1, pág. 139.

terminó correctamente que la moción presentada por el apelante Rivera Rivera era prematura; en ese momento no existía una acusación que pudiera ser desestimada.[11]

## VI

Los dos (2) últimos señalamientos de error se centran en el número de veces que puede recurrir en alzada el Ministerio Público de una determinación de causa probable adversa.

Alega Rivera Rivera que la vista preliminar bajo la Regla 23 de Procedimiento Criminal, *supra,* se celebró equivocadamente en el Tribunal de Distrito, pues la vista en alzada bajo la Regla 6, *supra,* se llevó a cabo ante un *juez de igual jerarquía.* Sostiene, además, que el tribunal carecía de jurisdicción para celebrar la vista preliminar en alzada, "dado que el Sr. Rivera había sido exonerado en dos (2) ocasiones de los cargos y el derecho a apelar del Ministerio Público existe una sola vez", según lo resuelto en *Pueblo v. Cabrera González,* 130 D.P.R. 998 (1992). *Tampoco tiene razón.*

Al momento en que Rivera Rivera fue procesado existían tres (3) categorías de jueces de Primera Instancia: Municipal, Distrito y Superior. El esquema procesal tenía en cuenta la posibilidad de que se celebraran hasta cuatro (4) vistas de causa probable en casos de delito grave.[12]

Hay que recordar que la determinación de causa probable que hace un magistrado, para arrestar o acusar, no es de carácter final, porque no se trata de una adjudicación de responsabilidad criminal. *Pueblo v. Félix Avilés,* 128 D.P.R. 468 (1991). Por ello, el Ministerio Público podía recurrir a

---

[11] Véase Chiesa, *op. cit.,* Vol. III, Sec. 21.7, págs. 48–49.

[12] (1) Vista inicial de causa probable para arresto o citación, Regla 6(a) de Procedimiento Criminal, 34 L.P.R.A. Ap. II; (2) vista de causa probable para arresto o citación "en alzada", Regla 6(c) de Procedimiento Criminal, 34 L.P.R.A. Ap. II; (3) vista preliminar, 23(a) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, y (4) vista preliminar "en alzada", Regla 24(c) de Procedimiento Criminal, 34 L.P.R.A. Ap. II.

un magistrado de categoría superior dentro del Tribunal de Primera Instancia,[13] cuando se determina que no hay causa probable (para arrestar o acusar) por el delito imputado o cuando se determina causa probable por un delito inferior o distinto al imputado originalmente. *Álvarez v. Tribunal Superior*, supra, pág. 238.

En *Pueblo v. Cabrera González*, supra, pág. 1002, resolvimos que "someter el asunto a un magistrado de *categoría superior* del Tribunal de Primera Instancia significa al juez del foro que *inmediatamente* sigue en jerarquía a aquel donde se originó inicialmente la determinación, y que esa oportunidad existe una sola vez". (Énfasis en el original.) Ese caso se refiere *únicamente* al número de veces que tiene el Ministerio Público para recurrir en alzada de una determinación de causa probable para arresto.

Reiteradamente hemos afirmado que la vista preliminar en alzada no es una apelación, sino que es una vista *independiente, separada y distinta* de la vista original de causa. *Pueblo v. Tribunal Superior*, 96 D.P.R. 237 (1968); *Pueblo v. Cruz Justiniano*, 116 D.P.R. 28 (1984); *Pueblo v. Méndez Pérez*, 120 D.P.R. 137 (1987); *Pueblo v. Félix Avilés*, supra; *El Vocero de P.R. v. E.L.A.*, supra. Por analogía, lo mismo podemos decir de la vista de causa para arresto en alzada.

Como expresáramos, nuestro ordenamiento provee dos (2) fases en la determinación cuando se imputa un delito grave: (1) causa probable para *arrestar* y (2) causa probable para *acusar*. Para cada una existe la posibilidad de que se celebre una vista en alzada cuando la determinación inicial es adversa al Ministerio Público.

En la vista en alzada, el fiscal puede someter su caso "con la misma prueba, con parte de ella o con otra prueba

---

[13] En *Pueblo v. Opio Opio*, 104 D.P.R. 165, 171 (1975), resolvimos que la determinación de causa probable "no es revisable por *certiorari*, no porque deje de ser juez sino por la naturaleza peculiar de su decisión dentro de un procedimiento especialmente regulado, con una finalidad esencial al ordenado y rápido curso del procedimiento criminal". Véanse: *Pueblo v. Cruz Justiniano*, 116 D.P.R. 28 (1984); *Pueblo v. Rodríguez Ríos*, 136 D.P.R. 685 (1994).

enteramente separada y distinta o adicional a toda o parte de la prueba" que ofreció en la vista original. *Pueblo v. Tribunal Superior*, supra, pág. 239. El procedimiento es el mismo que disponen las reglas para la primera vista.

En *Pueblo v. Pérez Suárez*, supra, sostuvimos que el Ministerio Público no puede acudir en alzada ante un magistrado de igual jerarquía al que determinó no causa probable en la vista original y dentro de una misma fase (causa para arresto o para acusar). Esto no significa, según pretende el apelante Rivera Rivera, que cuando se ha determinado causa probable para *arresto* (primera fase) en el Tribunal de Distrito, el fiscal no pueda presentar esa denuncia de nuevo ante otro juez de igual jerarquía para que se celebre allí la *vista preliminar* (segunda fase). Exigir que la vista preliminar siempre se lleve a cabo ante el Tribunal Superior, aunque no se prohíbe, constituye una anomalía procesal, pues no habría "magistrado de categoría superior" ante el cual celebrar una vista preliminar en alzada.

Concluimos que no tiene validez el argumento de Rivera Rivera de que el Ministerio Público trató de "probar fortuna" al someter el caso ante jueces de igual jerarquía hasta obtener un dictamen favorable.

Finalmente, nos señala que debido a la presunción de corrección de la determinación de no causa probable en dos (2) de tres (3) de las vistas de causa celebradas, existía un impedimento a que se pudiera llevar a cabo una vista preliminar en alzada, ya que este derecho le asistía al Ministerio Público una "sola vez". Tampoco tiene razón.

El fiscal tiene el derecho de acudir en alzada una sola vez de una determinación adversa en la vista de causa para arresto y una vez más en la vista de causa para acusar. El propósito de la vista en alzada existe para darle una segunda oportunidad al Pueblo de conseguir, con la misma u otra prueba, una determinación favorable de causa, sea para arresto o para acusar. Hemos enfatizado

que la oportunidad que las reglas le conceden al Ministerio Público para acudir ante otro magistrado es producto de un "balance racional entre los intereses del individuo y el Estado, no debe otorgarse a un sólo funcionario la decisión única, final e irrevisable de archivar una denuncia [o acusación] por falta de causa probable". *Álvarez v. Tribunal Superior*, supra, pág. 236. Véase *Pueblo v. Cabrera González*, supra. La "presunción de corrección" no tiene, pues, el efecto que le atribuye el apelante Rivera Rivera.[14]

En resumen, Rivera Rivera no ha podido demostrar cómo el no habérsele permitido presentar un testigo en la vista de causa para arresto en alzada, pudo haberle afectado sustancialmente su defensa. Los autos revelan que se celebró una vista preliminar válida en la cual pudo impugnar, en la forma deseada, a los testigos de cargo. También se celebró una vista, antes del juicio, para dilucidar su moción de desestimación bajo la Regla 64(p) de Procedimiento Criminal, *supra*. Por último, tuvo la oportunidad de un juicio, en el que se resolvió en su contra una moción de supresión de identificación y finalmente se le encontró culpable de los delitos imputados. No existe en su apelación un planteamiento constitucional persuasivo de inobservancia al debido proceso de ley. Tampoco se impugna la corrección de la vista preliminar o la admisibilidad y suficiencia de la prueba presentada en el juicio.

*Se confirman las sentencias.*

Lo pronunció, manda el Tribunal y certifica el señor Secretario del Tribunal Supremo. El Juez Asociado Señor Corrada Del Río emitió una opinión concurrente, a la cual se unió el Juez Asociado Señor Fuster Berlingeri. Los Jueces

---

[14] La "presunción de corrección" es utilizada en cuanto a la moción de desestimación bajo la Regla 64(p) de Procedimiento Criminal, *supra,* en la cual lo que se discute en una vista a estos propósitos es si hubo ausencia total de prueba. *Pueblo v. Tribunal Superior*, 104 D.P.R. 454, 459–460 (1975). También es importante la presunción cuando lo que se celebra es una vista en alzada y el imputado no comparece. La presunción evita que se pueda determinar causa sin la celebración de la vista en alzada. *Pueblo v. Báez Molina*, 129 D.P.R. 663 (1991).

Asociados Señores Rebollo López y Hernández Denton concurrieron con el resultado sin opinión escrita.

(*Fdo.*) Francisco R. Agrait Lladó
*Secretario del Tribunal Supremo.*

— O —

Opinión concurrente emitida por el Juez Asociado Señor Corrada Del Río, a la cual se une el Juez Asociado Señor Fuster Berlingeri.

Mediante una sentencia de este Tribunal, entre otras cosas, se resuelve que erró el extinto Tribunal de Distrito al impedir que el acusado presentara testigos a su favor en una vista de causa para arresto en alzada, que fue celebrada al amparo de la Regla 6(a) de Procedimiento Criminal, 34 L.P.R.A. Ap. II. Adujo el juez de instancia que no estaba obligado a escuchar la prueba de defensa. No obstante, a pesar de haberse cometido el error, este Tribunal concluye que la celebración de la vista preliminar bajo la Regla 23 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, subsanó ese erro, puesto que del expediente no surge que se haya cometido algún error en la determinación de causa probable para acusarlo ni el acusado cuestionó la corrección de esa determinación, siendo la vista preliminar un segundo cedazo con respecto a la razonabilidad y la legalidad del arresto.

Ciertamente concurrimos con tal resultado, mas nos resulta preocupante que ello pueda ser interpretado de tal forma que abra las puertas para que precisamente se repita el error cometido por el tribunal de instancia de impedir a un acusado la presentación de prueba a su favor, bajo el pretexto de que ello pueda ser subsanado en la celebración de la vista preliminar.

Según se reconoce en la sentencia, "[l]a propia Regla 6(a) ... enumera los *derechos* del imputado en esa vista".

(Énfasis en el original.)(¹) Dicha regla dispone, en lo pertinente, que:

> En esta determinación de causa probable el imputado tendrá derecho a estar asistido de abogado, a contrainterrogar los testigos en su contra y a ofrecer prueba a su favor. 34 L.P.R.A. Ap. II.

Debemos dejar claro que tal regla no da margen a interpretación alguna que no sea que al acusado, *estando presente en la vista*, le asiste un derecho a ofrecer prueba a su favor, según se le reconoce en la propia regla.(²) Cabe aclarar que tal derecho es estatutario y no constitucional. Claro está, una vez incorporado tal derecho, se convierte en parte integrante del debido proceso de ley.

Asimismo, debemos destacar que al haber decidido nuestra Legislatura conceder tal derecho a un acusado, no le compete a los tribunales considerar la sabiduría de tal medida. Según nos señala R.E. Bernier y J.A. Cuevas Segarra, en su obra *Aprobación e interpretación de las leyes de Puerto Rico*, 2da ed., San Juan, Pubs. J.T.S., 1987, Vol. I, pág. 299: "En el desempeño normal de sus funciones, los tribunales están obligados a respetar la voluntad legislativa aunque los magistrados discrepen personalmente de la sabiduría de los actos legislativos. Interpretar una ley en forma que sea contraria a la intención del legislador implica la usurpación por la rama judicial de las prerrogativas de la rama legislativa. Por tanto, el intérprete debe abstenerse de sustituir el criterio legislativo por sus propios conceptos de lo justo, razonable y deseable." Véase, además, *Alejandro Rivera v. E.L.A.*, 140 D.P.R. 538 (1996).

---

(¹) Sentencia de este Tribunal, págs. 6–7.

(²) Resulta ilustrativo el caso *Pueblo v. Rivera Rodríguez*, 138 D.P.R. 138 (1995), en el cual, con relación a la vista preliminar bajo la Regla 23 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, reconocimos que el imputado *tiene derecho* a contrainterrogar a los testigos de cargo y a presentar la prueba de defensa que derrote la probabilidad de su vinculación con el delito como autor de éste.

De ahí que el tribunal de instancia se haya excedido en sus funciones, usurpando de tal manera las prerrogativas de nuestra Asamblea Legislativa.

Aclaramos, sin embargo, que concurrimos con la expresión de este Tribunal en cuanto a que "[u]na vez el juez instructor se convence de la existencia de causa probable, puede *delimitar o regular* el alcance y la duración de la prueba de defensa". (Énfasis en el original suprimido y énfasis suplido.)[3] Claro está, ello no puede llegar al absurdo de impedir el ejercicio total de tal derecho.

Por los fundamentos antes expuestos, concurrimos con el resultado al cual se llega en la sentencia emitida por este Tribunal.

---

[3] Sentencia de este Tribunal, pág. 129.