ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL III

| EL PUEBLO DE PUERTO RICO | | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de San Juan |
|---|---|---|
| Recurrido | | |
| v. | **KLCE202400317** | Civil Núm.: ISCR202300795-796 |
| WILL A. RIVERA MERCADO | | |
| Peticionario | | Sobre: ART. 7.06 LEY 22, ART. 5:07 (c) Ley 22 |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

Bonilla Ortiz, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico a 28 de mayo de 2024.

Comparece ante este foro, el Sr. Will A. Rivera Mercado (señor Rivera o "el peticionario") y solicita que revisemos la *Resolución* dictada por el Tribunal de Primera Instancia, Sala Superior de Mayagüez, con fecha del 25 de enero de 2024, siendo notificada el 29 de enero de 2024. Mediante el referido dictamen, el foro primario declaró *No Ha Lugar* a una moción de desestimación presentada por el peticionario, de conformidad con la Regla 64(p) de Procedimiento Criminal, 34 LPRA Ap. II, R. 64(p).

Por los fundamentos que se exponen a continuación, **DENEGAMOS** el *certiorari* de epígrafe.

## I.

El 6 de julio de 2022, el Ministerio Público presentó cuatro denuncias en contra del peticionario, por violación al Artículo 4.08; 5.07; 7.02; 7.06 de la Ley Núm. 22-2000, según enmendada, conocida como la *Ley*

*de Vehículos y Tránsito de Puerto Rico*, 9 LPRA sec. 5001 *et seq.* Tras llevar a cabo la vista preliminar los días 25 de enero de 2023, 6 de junio de 2023 y 20 de octubre de 2023, el foro primario halló no causa por el cargo del Artículo 4.02 de la Ley Núm. 22, y causa para acusar por los Artículos 5.07 y 7.06 de la precitada Ley.[1]

Así las cosas, el 20 de octubre de 2023, el Ministerio Público presentó dos acusaciones contra el señor Rivera, una bajo el Artículo 7.06 y la segunda, por el Artículo 5.07(c) de la Ley Núm. 22, ello por conducir bajo los efectos de bebidas embriagantes y arrojar .127% de alcohol, e impactar al Sr. Alex Maldonado, quien caminaba por el área del paseo, ocasionándole la muerte en el acto. Como consecuencia, el 23 de octubre de 2023, fue celebrada la lectura de acusación y el caso fue señalado para juicio.

Sin embargo, el 27 de noviembre de 2023, el peticionario presentó *Moción en Solicitud de Desestimación del Pliego Acusatorio al Amparo de la Regla 64(p) por Determinación de Causa Ausencia Total de Prueba al Amparo de la Regla 64(p) de Procedimiento Criminal.*[2] En esencia, adujo que procedía la desestimación de los pliegos acusatorios, debido a que el Ministerio Público no presentó prueba alguna que lograra establecer la relación causal o elemento de causalidad entre la alegada conducta del peticionario y la muerte del señor Monserrate. Por lo tanto, sostuvo que la determinación de causa fue contraria a derecho, por no estar presente el elemento de causalidad.

---

[1] *Acusación*, anejo V, págs 32-35 del apéndice del recurso.
[2] *Moción en Solicitud de Desestimación del Pliego Acusatorio al Amparo de la Regla 64P por Determinación de Causa Ausencia Total de Prueba al Amparo de la Regla 64(P) de Procedimiento Criminal*, anejo II, págs. 7-21 del apéndice del recurso.

Por su parte, el 9 de enero de 2024, el Ministerio Publico presentó su oposición a la solicitud de desestimación.[3] Plantearon que, en la etapa del procedimiento criminal que se encontraba el caso, lograron satisfacer el "quantum" de prueba requerido para demostrar que el señor Rivera probablemente había cometido el delito imputado.

Evaluados los argumentos de las partes, el 25 de enero de 2024, el foro primario emitió la *Resolución* recurrida.[4] Mediante esta, declaró *No Ha Lugar* a la moción de desestimación bajo la Regla 64(p) presentada por el peticionario. En específico, el foro primario concluyó lo siguiente:

> En el presente asunto, el Ministerio Público a través de los testimonios de los agentes Raymond Rivera Troche, Luis Torré Lugo y Marcos Dominicci Alameda presentó a nivel de Vista Preliminar la prueba que entendió necesaria para probar los elementos de los delitos imputados y la conexión con él acusado. Es a través del testimonio del agente Raymond Rivera Troche que se comenzó con la investigación de un accidente fatal con peatón. Este agente corroboró una confidencia recibida sobre una persona muerta en la carretera y a su vez la trasmitió al agente Luis Torré Lugo. Por su parte, el agente Marcos Dominicci Alameda, como parte de sus funciones e información recibida por su supervisor, decidió investigar lo ocurrido con unos vehículos que se encontraban estacionados en la carr. #100 en Cabo Rojo. Al así hacerlo logró obtener, garantizándole los derechos del acusado, una manifestación por parte del acusado la cual fue transmitida al agente Luis Torré Lugo. Por otro lado, es a través de la investigación del agente Luis Torré Lugo que se logró obtener las piezas de evidencia del lugar de los hechos y poder compararlas con las piezas que le faltaban a la Mazda tribute ocupada. En adición, es a través de esa investigación que se logró obtener las muestras de tejidos del poste derecho del Mazda tribute obteniendo resultados compatibles con el

---

[3] *Oposición a Solicitud de Desestimación al Amparo de la Regla 64 (P) de Procedimiento Criminal*, anejo VII, págs. 36-46 del apéndice del recurso.
[4] *Resolución*, anejo I, págs. 1-6 del apéndice del recurso.

occiso y con el impacto que presentaba en la parte posterior de su cabeza. A través de estos testimonios el Ministerio Público estableció una cadena de eventos que resultó en la radicación de cargos criminales al acusado.

Por cuanto, al analizar todo lo anteriormente discutido, este tribunal entiende que el Ministerio Público cumplió totalmente con su obligación de presentar el "quantum" de prueba requerido en vista preliminar. […]

En desacuerdo, el 12 de febrero de 2024, el señor Rivera presentó una *Moción de Reconsideración*.[5] Sin embargo, el 21 de febrero de 2024, mediante *Resolución y Orden*, el foro primario la denegó.[6]

Aún insatisfecho, el 15 de marzo de 2024, el señor Rivera acudió ante este foro. Mediante el recurso presentado, alegó que el foro primario cometió el siguiente error:

Erró el TPI al declarar No Ha Lugar la Moción en Solicitud de Desestimación del Pliego Acusatorio al Amparo de la Regla 64(p) por Determinación de Causa Ausencia Total de Prueba al Amparo de la Regla 64(p) de Procedimiento Criminal.

El 20 de marzo de 2024, emitimos una *Resolución* mediante la cual le concedimos quince (15) días a la parte recurrida para que presentara su oposición al recurso.

El 3 de abril de 2024, el Pueblo de Puerto Rico compareció por conducto de la Oficina del Procurador General, mediante *Escrito en Cumplimiento de Orden y Solicitud de Desestimación*. En síntesis, alegó que el recurso del peticionario no cumple con los requisitos mínimos para que este foro lo tome en consideración, puesto que, no incluye la regrabación de los días que

---

[5] *Moción de Reconsideración*, anejo III, págs. 22-29 del apéndice del recurso.
[6] *Resolución y Orden*, anejo IV, págs. 30-31 del apéndice del recurso.

fue celebrada la vista preliminar. Sostienen que las regrabaciones eran indispensables, ya que el planteamiento del señor Rivera se basa en incumplimiento de la carga probatoria por parte del Ministerio Público.

Con el beneficio de la comparecencia de ambas partes, procedemos a disponer del recurso de epígrafe.

**II.**

**-A-**

El *certiorari* es un recurso extraordinario discrecional expedido por un tribunal superior a otro inferior, mediante el cual el tribunal revisor está facultado para enmendar errores cometidos por el foro revisado, cuando "el procedimiento adoptado no esté de acuerdo con las prescripciones de la ley". Véase, Artículo 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491. Véase, además, *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917-918 (2009).

La expedición del auto descansa en la sana discreción del tribunal. *Medina Nazario v. McNeill Healthcare LLC,* 194 DPR 723, 729 (2016). De este modo, este auto discrecional debe utilizarse "con cautela y solamente por razones de peso." *Pérez v. Tribunal de Distrito*, 69 DPR 4, 18 (1948). Respecto a la utilización del *certiorari*, en *Pérez v. Tribunal de Distrito*, supra, nuestro Tribunal Supremo expresó que este recurso extraordinario discrecional procede "para revisar errores cometidos por las cortes inferiores no importa la naturaleza del error imputado." Véase, además, *Pueblo v. Díaz de León*, supra, pág. 918.

No obstante, el Tribunal Supremo de Puerto Rico ha sido muy claro al aclarar que este recurso no equivale

a una apelación. *Íd.* Además, ha enfatizado que su utilización procede únicamente en aquellos casos en que no exista un recurso de apelación disponible u otro mecanismo ordinario "que proteja eficaz y rápidamente los derechos del peticionario." *Pueblo v. Tribunal Superior,* 81 DPR 763, 767 (1960); *Pueblo v. Díaz De León*, supra.

Por otra parte, para un *certiorari* de toda naturaleza la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R. 40, establece los criterios que este foro debe tomar en consideración al atender una solicitud de expedición de este recurso discrecional. Estos son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

**-B-**

La Regla 64(p), 34 LPRA Ap. II, R. 64, dispone que una vez el foro de instancia determine causa probable

para acusar, y se haya presentado la correspondiente acusación por el Ministerio Público, el acusado puede someter una moción de desestimación por no haberse determinado causa probable conforme a derecho. *Pueblo v. Rivera Cuevas*, supra; *Pueblo v. Kelvin Branch*, 154 DPR 575, 584 (2001).

Al evaluar una moción de desestimación de una acusación bajo la Regla 64(p), *supra*, el elemento a considerarse es si existe o no ausencia total de prueba que tienda a demostrar que se ha cometido el delito imputado o que el acusado lo cometió. *Pueblo v. Rivera Cuevas*, supra; *Pueblo v. Rivera Rivera*, 141 DPR 121, 131 (1996); *Pueblo v. Rodríguez Ríos*, 136 DPR 685, 692 (1994).

Al hacer este ejercicio, el tribunal debe determinar si durante la vista preliminar el magistrado que la presidió tuvo ante sí prueba que pueda considerarse suficiente en derecho para la determinación de causa probable. Si concluye que en dicha determinación medió esa prueba, no procede la desestimación de la acusación bajo la Regla 64(p), *supra*. En cuanto al alcance de esa discreción, el Tribunal Supremo ha expresado lo siguiente:

> Este ejercicio evaluativo discrecional "en cuanto al extremo de ausencia total de la prueba" es crucial. Su significado está estrechamente vinculado a las razones principales que jurisprudencialmente hemos reconocido que inspiran la vista preliminar, a saber: (1) el objeto central de la vista preliminar no es hacer una adjudicación en los méritos en cuanto a la culpabilidad o inocencia del acusado; (2) aunque se trata de una función propiamente judicial, no es 'un mini juicio'; (3) el fiscal no tiene que presentar toda la prueba que posea; (4) la vista está encaminada a proteger a la persona imputada a través de un filtro o cedazo judicial por el cual el Estado tiene que pasar prueba, y demostrar

si está justificado o no a intervenir con la libertad de un ciudadano y someterlo a los rigores y contingencias de un juicio plenario, y (5) una vez se demuestra y se justifica esta intervención, la vista ha cumplido su propósito de ley. *Pueblo v. González Pagán,* 120 DPR 684, 688 (1988).

Además, nuestro Tribunal Supremo ha delineado específicamente los parámetros o criterios que deben guiar al juzgador que enfrenta una moción de desestimación bajo la Regla 64(p), *supra*, a saber: (1) examinar la prueba de cargo y defensa vertida en la vista preliminar, así como la prueba del acusado en apoyo de la moción; (2) determinar si esa prueba establece la probabilidad de que estén presentes todos los elementos del delito, así como la existencia de prueba que conecte al imputado con su comisión; (3) el hecho de que a juicio del magistrado la prueba presentada demuestre, con igual probabilidad, la comisión de un delito distinto al imputado, no debe dar fundamento a una desestimación; y (4) sólo en total ausencia de prueba sobre la probabilidad de que estén presentes uno, varios o todos los elementos del delito o de la conexión del imputado con tal delito, procede la desestimación de la acusación. *Pueblo v. Rivera Cuevas*, supra; *Pueblo v. Rivera Alicea*, 125 DPR 37, 42-43 (1989).

Debe tenerse presente que la determinación de causa probable en la vista preliminar goza de una presunción legal de corrección. *Pueblo v. Andaluz Méndez*, 143 DPR 656, 662 (1997); *Pueblo v. Rivera Alicea*, supra, pág. 42. Como dicha presunción es una controvertible, corresponde al acusado la obligación de presentar evidencia para persuadir al tribunal de que no existía causa probable para acusarlo. Para ello tiene que convencer al tribunal de que en la vista preliminar hubo

ausencia total de prueba sobre algún elemento del delito o sobre su conexión con el mismo.

### III.

Mediante el único señalamiento de error, el peticionario alega que incidió el foro primario al declarar *No Ha Lugar* su solicitud de desestimación al amparo de la Regla 64(p). Ello, debido a que estuvo totalmente ausente el elemento de la causalidad. A su vez, arguye que de la prueba desfilada por el Ministerio Público "hay ausencia total de que la muerte tenga una relación causal con manejar en alegado estado de embriaguez, lo cual es un elemento indispensable para el Artículo 7.06 de la Ley 22-2000."

No obstante, luego de examinar la totalidad del recurso ante nos, concluimos que el caso de epígrafe no satisface los requisitos de la Regla 40 de nuestro Reglamento, *supra*, por lo que procede denegar el auto solicitado. Ante los hechos expuestos en el presente caso, no consideramos que el foro primario haya actuado con prejuicio, parcialidad o error manifiesto. En consecuencia, nos vemos imposibilitados de intervenir en esta etapa de los procedimientos.

### IV.

Por los fundamentos antes expuestos, se **DENIEGA** la expedición del *certiorari* de epígrafe.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones