Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VI

| EL PUEBLO DE PUERTO RICO<br><br>Peticionario<br><br>v.<br><br>MARIANA NOGALES MOLINELLI,<br>RITA MOLINELLI FREYTES, OCEAN FRONT VILLAS CORP.<br><br>Recurridos | KLCE202400070 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Criminal núm.:<br>KMI2023-0121<br>KMI2023-0122<br>KMI2023-0130<br>KMI2023-0131<br>KMI2023-0132<br>(907)<br><br>Sobre: Violaciones al Código Penal (21 cargos), Violaciones al Código de Rentas Internas (30 cargos) |

Panel integrado por su presidenta la Jueza Ortiz Flores, el Juez Rivera Torres, la Jueza Rivera Pérez y el Juez Campos Pérez

**Rivera Torres, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 6 de febrero de 2024.

Comparece ante este Tribunal de Apelaciones el Pueblo de Puerto Rico, representado por el Panel de los Fiscales Especiales Independientes, (FEI o parte peticionaria) mediante el recurso de *certiorari* de epígrafe solicitándonos que revoquemos las *Resoluciones* emitidas por el Tribunal de Primera Instancia, Sala de San Juan (TPI), el 21 de diciembre de 2023, notificadas al día siguiente.

Por los fundamentos que exponemos a continuación, desestimamos el recurso de epígrafe.

### I.

El 3 de mayo de 2023, el FEI presentó 51 denuncias contra la Sra. Mariana Nogales Molinelli (señora Nogales Molinelli), Rita Molinelli Freytes (señora Molinelli Freytes) y Ocean Front Villas

Corp. (Corporación) (en conjunto, la parte recurrida), por hechos ocurridos durante los años 2017 al 2021.[1] Las denuncias se presentaron por presunta violación a los Artículos 212, 217, y 269 del Código Penal de 2012 (Código Penal), 33 LPRA secs. 5282, 5287 y 5362. Asimismo, se radicaron denuncias por alegada violación a la Sección 6030.16 en sus incisos (a), (c) y (c) (1) del Código de Rentas Internas, 13 LPRA sec. 33086.

Surge del expediente que, celebrada la vista de causa probable para arresto al amparo de la Regla 6 de las Reglas de Procedimiento Criminal, 34 LPRA Ap. II, R. 6., el TPI solo encontró causa contra la señora Nogales Molinelli por violación a los Artículos 212 y 269 del Código Penal, *supra.*[2] El foro primario procedió a enmendar las denuncias por las cuales determinó causa, eliminando la alegación referente a ingresos o beneficios que la señora Nogales Molinelli no presentó ante la Oficina de Ética Gubernamental. No obstante, el foro *a quo* no encontró causa en todos los demás cargos presentados contra la parte aquí recurrida.

Inconforme con la determinación, el FEI presentó una solicitud de vista de causa probable para arresto en alzada con relación a todos los cargos.[3] Además, peticionó que las denuncias por las cuales se encontró causa, y que fueron emendadas, fuesen devueltas a su redacción original.

El 18 de octubre de 2023, comenzó a celebrarse la primera vista de Regla 6 en alzada. Del expediente surge que los cargos fueron presentados con nueva evidencia consistente en declaraciones juradas, prueba pericial y prueba documental.[4] De la prueba documental presentada por el FEI en la vista, se encuentran las Planillas Contributivas Certificadas por el Departamento de

---

[1] Véase, Apéndice del Recurso, Anejo 1, a las págs. 1-16.
[2] *Íd.*
[3] *Íd.*, Anejo 3, a las págs. 25-26.
[4] *Íd.*, Anejo 5, a las págs. 77-78.

Hacienda de los años 2017 al 2021, pertenecientes y radicadas ante la agencia por las contribuyentes señora Nogales Molinelli, señora Molinelli Freytes y la Corporación.[5] No obstante, la defensa presentó una moción, con relación a las Planillas antes mencionadas, intitulada *Solicitud al Amparo de la Sección 10 del Artículo II de la Constitución de Puerto Rico y del Debido Proceso de Ley*.[6] Indicó la defensa que la moción presentada es una moción en cumplimiento con una *Resolución* que emitió este Tribunal Intermedio en la etapa de Regla 6.[7] También señaló la defensa que, en el referido recurso ante esta Curia se estableció que, como parte del análisis de la evidencia presentada, el TPI podía analizar la manera en que se obtuvieron las planillas de contribución sobre ingresos. Por su parte, el FEI se opuso a la moción instada por entender que se trataba de una solicitud de Supresión de Evidencia al amparo de la Regla 234 de las de Procedimiento Criminal, 34 LPRA Ap. II, R. 234, lo que no procedía en la etapa de Regla 6 en alzada.[8] Por lo que, según el FEI, existe una etapa posterior donde se podría atender la admisibilidad de la prueba.

A su vez, la defensa anunció que se proponía presentar como evidencia una declaración jurada de la señora Molinelli Freytes la cual contenía documentos anejados.[9] No obstante, el FEI se opuso a la admisión de la declaración por el fundamento de que la señora Molinelli Freytes no estaba disponible para ser contrainterrogada. La oposición del FEI fue declara "no ha lugar" por el TPI.

Así las cosas, el TPI señaló que analizaría todos los documentos entregados. Luego de concluidos los trabajos pautados

---

[5] *Íd.*
[6] *Íd.*, Anejo 7, a las págs. 91-131.
[7] Véase, Resolución del 18 de mayo de 2023 en el KLCE202300541.
[8] Véase, nota al calce núm. 4.
[9] *Íd.*

para el primer día de la vista de Regla 6 en alzada, el TPI señaló vista para días posteriores para la continuación de los procedimientos.[10]

El 3 de noviembre de 2023, el FEI sometió una moción titulada *Moción Solicitando Reconsideración a la Admisión de Evidencia de la Declaración Jurada de una Imputada.*[11] La moción fue declara "no ha lugar" por el TPI. Además, el 9 de noviembre siguiente, presentó otra moción nombrada *Oposición a Supresión de Evidencia.*[12]

El 15 de noviembre de 2023, el foro revisado emitió *Resolución* en la que expresó: "Nada que proveer, **este Tribunal no tiene ante sí una Moción de Supresión de Evidencia**. Ese mecanismo dispuesto en la Regla 234 de Procedimiento Criminal no está disponible para una vista de Alzada de la Regla 6." [Énfasis nuestro]

El 21 de diciembre de 2023, luego de sometido el caso, el Juez emitió las *Resoluciones* recurridas en la cuales llegó a la misma determinación de la Regla 6.[13] Es decir, el TPI solo encontró causa contra la señora Nogales Molinelli por violación a los Artículos 212 y 269 del Código Penal, *supra.*[14] El foro primario procedió a enmendar las denuncias por las cuales determinó causa, eliminando la alegación referente a ingresos o beneficios que la señora Nogales Molinelli no presentó ante la Oficina de Ética Gubernamental. No obstante, el foro *a quo* no encontró causa en todos los demás cargos presentados contra la parte aquí recurrida.

Así, el foro primario señaló la Vista Preliminar para el 13 de febrero de 2024.

Inconforme con dichos dictámenes, el FEI acudió ante este tribunal intermedio imputándole al TPI haber incurrido en los siguientes errores:

---

[10] *Íd.*
[11] *Íd.*, Anejo 6, a las págs. 79-90.
[12] *Íd.*, Anejo 8, a las págs.132-165.
[13] *Íd.*, Anejo 13, a la pág. 279, y Anejo 10, 11 y 12 a las págs. 167-169.
[14] *Íd.*

PRIMER ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL ADMITIR COMO PRUEBA DE DEFENSA UNA DECLARACIÓN JURADA (SELF-SERVING) DE LA IMPUTADA RITA MOLINELLI FREYTES CON DOCUMENTOS ANEJADOS A LA MISMA, SIN QUE ELLA ESTUVIERA DISPONIBLE PARA SER CONTRAINTERROGADA Y SIN MOSTRAR EL DOCUMENTO AL MINISTERIO PÚBLICO.

SEGUNDO ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL EXCLUIR LA EVIDENCIA SOBRE OMISIÓN DE INGRESOS OBTENIDA POR LOS FUNCIONARIOS DEL DEPARTAMENTO DE HACIENDA, SOBRE LAS BASES DE QUE LA MISMA FUE OBTENIDA ILEGALMENTE.

Mediante la *Resolución* dictada el 25 de enero de 2024 se le concedió a la parte recurrida hasta el 29 de enero para expresarse. El mismo día de emitida nuestra *Resolución* la parte recurrida presentó *Moción de Desestimación.* En apretada síntesis, aducen que los planteamientos expuestos por la parte peticionaria no son revisables mediante el recurso de *certiorari* debido a que estos no constituyen errores de derecho.

El 30 de enero de 2024, emitimos otra *Resolución* concediendo a la parte peticionaria hasta el viernes, 2 de febrero a las 12:00 del mediodía para expresarse en cuanto al petitorio desestimatorio. Además, le otorgamos igual término a la parte recurrida para expresarse respecto al recurso. Habiendo cumplido las partes con lo ordenado, nos damos por cumplidos y a su vez, decretamos perfeccionado el recurso.

Analizados los escritos de las partes y el expediente apelativo, así como estudiado el derecho aplicable, procedemos a resolver.

**II.**

### *El Auto de Certiorari*

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *IG Builders at al. v. BBVAPR,* 185 DPR 307, 337-338 (2012); *García v. Padró,* 165 DPR 324, 334-335 (2005); *Negrón v. Srio. de Justicia,* 154 DPR 79, 90-92 (2001). Esta discreción, ha sido definida en nuestro ordenamiento

jurídico como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. No significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *Negrón v. Srio. de Justicia, supra*, pág. 91.

Por consiguiente, para determinar si procede la expedición de un recurso de *certiorari* en el que se recurre de una resolución interlocutoria, debemos acudir a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, que lee como sigue:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*:
>
> A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los criterios antes transcritos nos sirven de guía para, de manera sabia y prudente, tomar la determinación de si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso que se nos presenta, no procede nuestra intervención. Así pues, es norma reiterada que este foro intermedio no habrá de intervenir con el ejercicio de la discreción del Tribunal de Primera Instancia, "salvo que se

demuestre que hubo un craso abuso de discreción, prejuicio, error manifiesto o parcialidad". *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986).

Por su parte, en nuestro ordenamiento jurídico, la discreción ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. Lo anterior no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un uso excesivo de discreción. *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009); *Negrón v. Srio. de Justicia*, supra.

### La Regla 6 de las de Procedimiento Criminal, 34 LPRA Ap. II, R. 6.

La acción penal en un proceso criminal comienza con la determinación de un juez de la causa probable para arrestar o citar a una persona ante los tribunales. D. Nevares Muñiz, *infra*, a la pág. 45. Desde ese momento el Tribunal adquiere jurisdicción sobre la persona. *Pueblo v. Irizarry*, 160 DPR 544, 555 (2003).

La obligación de que la determinación del juez sea a base de causa probable surge de nuestra Constitución, la cual dispone que, "[s]ólo se expedirán mandamientos autorizando registros, allanamientos o arrestos por autoridad judicial, y ello únicamente cuando exista causa probable apoyada en juramento o afirmación, describiendo particularmente el lugar a registrarse, y las personas a detenerse o las cosas a ocuparse". Art. II, Sec. 10, Const. PR, LPRA, Tomo 1, ed. 2016, pág. 336.

A su vez, este proceso está regulado por lo dispuesto en la Regla 6 de las de Procedimiento Criminal, *supra* (Regla 6). La referida Regla establece los modos por los cuales se podrá iniciar el proceso criminal. Para tomar la determinación de causa probable, el juez puede considerar la denuncia jurada, declaraciones juradas

que se incluyan con la denuncia o el examen bajo juramento del denunciante o sus testigos, la combinación de estos factores y cuando se presente bajo juramento el testimonio de algún testigo con conocimiento personal del hecho delictivo sin la necesidad de la presentación de la denuncia. *Pueblo v. Sustache Sustache,* 176 DPR 250, 315-316 (2009). Lo determinante es que: "...se provean al magistrado, bajo juramento o afirmación, todos los elementos necesarios para que éste pueda inferir la probabilidad de que se cometió determinado delito por la persona contra la cual se determina causa probable". *Íd.*

Asimismo, la Regla 6 consagra ciertos derechos a los imputados en la vista. Establece dicha Regla que el imputado podrá: (a) estar asistido por abogado; (b) contrainterrogar a los testigos en su contra y; (c) **ofrecer prueba en su favor**. No obstante, sobre estos derechos, el Tribunal Supremo de Puerto Rico ha expresado que no son absolutos debido a que la vista de Regla 6 puede llevarse a cabo sin la presencia del imputado. *Pueblo v. Rivera Martell,* 173 DPR 601, 610 (2008). Por esta razón, estos derechos solo se activan cuando el imputado se encuentra presente en la vista. *Íd.*, a la pág. 611.

Asimismo, el Tribunal Supremo de Puerto Rico ha señalado que la facultad de contrainterrogar y presentar prueba a su favor en esta etapa no es irrestricta. *Pueblo v. Rivera Rivera,* 141 DPR 121, 128-129 (1996). Así, plantea la profesora Dora Nevares que, "[el]l juez puede limitar el contrainterrogatorio o la oferta de prueba si entiende que la prueba de cargo es suficiente para determinar causa probable. Permitirá a las partes únicamente argumentar cuestiones de derecho sustantivo aplicable y suficiencia de prueba en el contexto de la causa probable". D. Nevares Muñiz, *infra,* a la pág. 48; *Pueblo v. Rivera Rivera, supra.*

Por otro lado, sabido es que las Reglas de Evidencia no obligan en esta etapa. Dispone la Regla 103 de las Reglas de Evidencia, 32 LPRA Ap. VI, R. 103, que:

(D) **Las Reglas no obligan en**:

(1) las determinaciones preliminares a la admisibilidad de prueba, de conformidad con la Regla 109(A);

(2) los procedimientos interlocutorios o post sentencia, entre otros:

**(a) procedimientos relacionados con la determinación de causa probable para arrestar o expedir orden de registro y allanamiento;**

(b) fase de la sentencia en el procedimiento penal;

(c) procedimientos relacionados con la imposición de fianza o condiciones en los procedimientos penales;

(d) vistas de revocación de libertad a prueba o condicionada;

(e) procedimientos relacionados con entredichos provisionales e interdictos preliminares, y

(3) los procedimientos ex parte.

(E) Procedimientos bajo Leyes Especiales [...](Énfasis nuestro).

Debido a que en estos procedimientos no se dispone finalmente del caso, el juez no está obligado a aplicar las Reglas de Evidencia. R. Emanuelli Jiménez, *Prontuario de Derecho Probatorio Puertorriqueño*, 4ta ed, San Juan, Ediciones SITUM, Inc., 2015, a la pág. 55. Por tanto, se le confiere al juez amplia discreción para no aplicar las Reglas de Evidencia. *Íd.*, a la pág. 56 (citando el Informe del Comité Asesor de las Reglas de Evidencia). Asimismo, sobre la aplicación de las Reglas de Evidencia en los procedimientos de Regla 6, comenta el profesor y tratadista Ernesto L. Chiesa que, "… las reglas de exclusión de evidencia pertinente- como lo es la regla de exclusión de prueba de referencia- no son obligatorias en la vista preliminar, **y mucho menos en la vista de causa probable para arresto**." [Énfasis nuestro]. E. L. Chiesa Aponte, *Reglas de Evidencia Comentadas*, San Juan, Ediciones SITUM, 2016, a la pág. 21. No obstante, es menester señalar que el conocimiento judicial y los privilegios aplican en todos los procedimientos. Regla 103 de las

Reglas de Evidencia, *supra*; *Pueblo v. Rivera Cuevas*, 181 DPR 699, 707 (2011).

### El estándar de revisión de las determinaciones de causa probable para arresto

La vista inicial o la vista en alzada para determinar causa probable para arrestar le permite al Ministerio Público la oportunidad de presentar toda la evidencia que posea para establecer la causa probable de que el imputado cometió el delito por el cual está siendo encausado o cualquier otro que surja de la prueba. *Pueblo v. Díaz de León*, 176 DPR 913, (2009). Una determinación del juez en los méritos sobre la existencia o no de causa probable para arrestar será final y no puede ser revisable mediante el recurso de *certiorari*. D. Nevares Muñiz, *Sumario de Derecho Procesal Penal Puertorriqueño*, 10ma ed. Rev., San Juan, Instituto para el Desarrollo del Derecho, Inc., 2014, a la pág. 49.

No obstante lo anterior, el Ministerio Público puede solicitar la revisión de no causa probable para arrestar **cuando dicho dictamen ocurre como resultado de una interpretación equivocada del derecho aplicable.** *Pueblo v. Díaz de León*, supra, a la pág. 919. Además, es menester señalar que el fiscal debe agotar la vista de causa probable en alzada antes de acudir en *certiorari*. *Íd.*, a la pág. 920. Asimismo, en *Pueblo en interés menor K.J.S.R.*, 172 DPR 490 (2007), nuestro Tribunal Supremo señaló que el **recurso de *certiorari* no está disponible para atender cuestiones mixtas, es decir, determinaciones de hecho y de derecho**.

En *Pueblo en interés menor K.J.S.R.*, supra, se le imputó a un menor una infracción a la Ley de Explosivos de Puerto Rico. En la vista de determinación de causa probable para presentar la querella, se determinó no causa probable para presentar la misma en contra del menor. El Ministerio Público solicitó la celebración de una vista de causa en alzada. En dicha vista, la defensa del menor señaló que

**la prueba fue ocupada ilegalmente, por lo que era inadmisible**. Consecuentemente, el TPI determinó que no existía causa para presentar la querella. El Alto Foro, luego de establecer que los procedimientos judiciales de adultos bajo las Reglas de Procedimiento Criminal, 34 LPRA Ap. I, R.1 *et seq*, se extienden a los procedimientos de los menores, dispuso de la siguiente manera.

> [c]uando la determinación de "no causa" se funda en la insuficiencia de la prueba para establecer que se ha cometido el delito o la conexión del imputado con el delito, **el único remedio que tenía a su disposición el Ministerio Público era la vista preliminar en alzada**.
>
> De otra parte, en *Pueblo v. Martínez Torres*, 126 D.P.R. 561 (1990), indicamos que **la determinación sobre la admisibilidad de cualquier evidencia le corresponde exclusivamente al juez y que, por tal motivo, es una determinación de derecho**. **Ello no obstante, enfatizamos en esa ocasión que "dicha determinación puede conllevar el aquilatamiento de algunas cuestiones de hechos ...".** Íd., pág. 575. En *Pueblo v. Blase Vázquez*, 148 D.P.R. 618, 633 (1999), reiteramos lo anterior al exponer que, **"en función de establecer si hay fundamento en derecho que ordene la exclusión de la evidencia objetada, el tribunal deberá aquilatar cuestiones de hecho".**
>
> De modo que **la determinación de si un registro es irrazonable o no, si bien es una cuestión de derecho, ciertamente depende de la apreciación que de la prueba presentada haga el magistrado que presida la vista.**
>
> Aquí, el Ministerio Público pretende que evaluemos si, a la luz de la prueba desfilada en la vista preliminar y en la vista en alzada, en efecto el registro fue ilegal e irrazonable. En otras palabras, **el Estado persigue que dejemos sin efecto las determinaciones de dos magistrados a nivel de instancia quienes, luego de escuchar, evaluar y adjudicar la credibilidad que le merecieron los testigos** que presentó el Estado, llegaron a la determinación de que no existía causa probable para presentar la querella contra el menor en controversia por razón de que la única evidencia delictiva con que contaba el Estado había sido obtenida ilegalmente. No le asiste la razón al Estado.
>
> Como podemos notar, no estamos ante una determinación de "no causa" por "razones estrictamente de derecho desvinculadas a la prueba presentada sobre la comisión del delito"., ante, págs. 582–583.
>
> En conformidad con la normativa antes expuesta, y tomando en cuenta los hechos particulares del caso de autos, es forzoso concluir que **el recurso de *certiorari* no es un mecanismo adecuado para solicitar la revisión de la determinación de "no causa" emitida en la vista en alzada. *En este caso se trata de una determinación mixta de hecho y de derecho.*** El Ministerio Público ya agotó todos los remedios que tenía disponibles en cuanto a ello. [Énfasis nuestro]. *Pueblo en Interés Menor K.J.S.R., supra*, a la pág. 501-502.

Asimismo, queremos destacar la Opinión de conformidad del Hon. Rafael L. Martínez Torres (Juez Asociado) a la cual se unió el

Hon. Roberto Feliberti Cintrón (Juez Asociado) en la *Sentencia* dictada en *Pueblo v. Encarnación Reyes,* 191 DPR 176 (2014). En la referida opinión, y citando lo resuelto en *Pueblo en interés menor K.J.S.R.,* supra, expresó que, "[s]olo se puede revisar por *certiorari*, y a modo de excepción, cuando la determinación de no causa probable para acusar se funda en **cuestiones estrictamente de derecho**, desvinculadas de la apreciación de la prueba que fue presentada para demostrar la comisión del delito." [Énfasis nuestro]. *Íd.*, a la pág. 182. A su vez, añadimos que para el profesor Ernesto L. Chiesa esto se trata de una interpretación restrictiva sobre las cuestiones estrictamente de derecho. E. L. Chiesa Aponte, *Derecho Procesal Penal*, 88 (Núm. 1) Rev. Jur UPR 222, 225 (2019).

### III.

En esencia, el FEI señaló que erró el TPI al realizar una determinación de "no causa" para arresto basado en prueba de referencia y en exclusión de evidencia admisible. Es decir, en una declaración jurada con documentos anejados de la señora Freytes Molinelli, sin que esta estuviera disponible para ser contrainterrogada y sin mostrarle los documentos al FEI. Además, planteó que razonó incorrectamente al excluir evidencia sobre la omisión de ingresos obtenida por los funcionarios del Departamento de Hacienda, bajo el fundamento de que la misma fue conseguida ilegalmente. Por estar los errores del recurso relacionados entre sí, los discutiremos en conjunto.

De los hechos antes consignados surge que el FEI presentó 51 denuncias contra la parte recurrida por alegadas violaciones al Código Penal y al Código de Rentas Internas. Luego de culminada la vista de Regla 6, la Juez de Instancia determinó "no causa" por 49 de los cargos presentados y encontró "causa para arresto" por los Artículos 212 y 269 del Código Penal, *supra*, presentados contra la señora Nogales Molinelli. Inconforme, el FEI acudió en alzada donde

presentaron prueba documental y pericial que fue utilizada en la vista inicial y, además, utilizaron nueva evidencia.

Así las cosas, en la vista de causa probable para arrestar en alzada, luego de haber escuchado, analizado y examinado la totalidad de la prueba presentada contra la parte recurrida, el Juez llegó a la misma determinación. Es decir, encontró "no causa" en todos los delitos, con excepción de los Artículos 212 y 269 del Código Penal presentados contra la señora Nogales Molinelli.

Aún inconforme, el FEI presentó el recurso de autos alegando que la única manera en que el juez de instancia pudo llegar a la conclusión de "no causa", era suprimiendo las planillas de contribuciones presentadas por ellos contra la parte recurrida. Según el FEI, el TPI llegó a tal conclusión debido a que, la parte recurrida había presentado una solicitud de exclusión de las planillas de contribución sobre ingresos por haber sido obtenidas ilegalmente. Además, plantea la parte peticionaria que el juez admitió prueba de referencia que no debió ser admitida. La parte recurrida presentó moción solicitando la desestimación del recurso argumentando que los errores señalados por la parte peticionaria no constituyen errores de derecho y que los mismos son totalmente especulativos. Adelantamos que le asiste la razón a la parte recurrida.

Examinado el Apéndice del Recurso, y luego de escuchada la grabación presentada, surge que las alegaciones sobre las incidencias que llevaron al foro primario a la determinación de "no causa" se tratan de meras suposiciones. En este sentido, la parte peticionaria pretende descifrar cuál fue el ejercicio mental del Magistrado para llegar a dicho dictamen. De hecho, del expediente del caso se desprende claramente que el TPI **no suprimió la evidencia** que el FEI indica. Incluso, más patente es el hecho de que en la *Resolución* emitida el 15 de noviembre de 2023, el foro

recurrido dispuso: "Nada que proveer, **este Tribunal no tiene ante sí una Moción de Supresión de Evidencia**. Ese mecanismo dispuesto en la Regla 234 de Procedimiento Criminal no está disponible para una vista de Alzada de la Regla 6."

De otra parte, aun cuando el juez de instancia hubiese tomado su determinación de causa probable basado en las planillas obtenidas supuestamente por un registro y allanamiento ilegal, esta Curia estaría impedida de atender este recurso. Como indicáramos, la determinación de si un registro es ilegal, si bien es una cuestión de derecho, *depende de la apreciación de la prueba presentada* ante el juez que preside la vista. Conforme a la jurisprudencia antes discutida, el recurso de *certiorari* no está disponible para atender una determinación de "no causa" cuando se trata de un error mixto, es decir, de hecho y de derecho. Por tanto, al no ser una cuestión estrictamente de derecho llegaríamos al mismo resultado.

En fin, la parte peticionaria pretende entrar en la mente del juzgador para adivinar cómo este tomó su determinación. Así lo deja claro al señalar que: "**Aunque el TPI no fundamentó sus determinaciones**, se puede llegar a la conclusión razonable de que su decisión final está claramente apoyada en el hecho de que no se tomó en consideración la evidencia utilizada por el Departamento de Hacienda. Es decir, suprimió la evidencia."[15] Por el contrario, lo que sí surge claramente del expediente es que el TPI evaluó la prueba desfilada en las vistas celebradas. Por ende, no cabe duda de que el TPI escuchó, analizó y examinó la prueba presentada contra la parte recurrida para llegar a la determinación a la que llegó en la vista en alzada.[16] Al respecto, precisa advertir que, escuchada la regrabación de la vista del 21 de diciembre de 2023, surge que así lo dejó patentemente claro el juez de instancia cuando expresó que: "**Este**

---

[15] Véase *Petición de Certiorari*, a la pág. 17.
[16] Véase, Apéndice del Recurso, Anejo 13, a las págs. 279-283.

**juez ha analizado toda la prueba que se presentó por ambas partes**. De las cosas positivas que puede decirse del tiempo que ha tardado, es que pues, **me ha dado el tiempo, obviamente, de examinar toda esta prueba de ambas partes**."[17] (Énfasis nuestro).

Por otro lado, puntualizamos que, en cuanto a la supuesta controversia de la prueba de referencia, la Regla 103 de Evidencia, *supra*, es clara al establecer que estas no obligan en los procedimientos de Regla 6. El foro recurrido tenía discreción de aplicar o no las mismas, lo cual no ocurrió en el presente caso. Enfatizamos que la regla de exclusión de prueba de referencia no obliga en la vista de causa probable para arresto. Además, reiteramos que el dictamen recurrido no estuvo basado en la exclusiva y supuesta declaración jurada, según arguye el FEI. Es decir, el TPI aquilató toda la basta prueba que presentara la parte peticionaria en las vistas de Regla 6 en alzada.

En resumen, el dictamen aquí recurrido no es revisable por *Certiorari,* ya que la determinación de "no causa" probable para arresto se fundamentó en toda la prueba presentada y no en cuestiones estrictamente de derecho. El FEI ya agotó todos los remedios que tenía disponibles al solicitar la celebración de una vista de Regla 6 en alzada. Nuestro ordenamiento jurídico penal no nos permite pasar juicio sobre la apreciación de la prueba del juez de instancia para llegar a la determinación de "no causa" probable para arresto.

En fin, procede la desestimación del presente recurso acorde con la normativa jurisprudencial previamente esbozada y según nos faculta la Regla 83 inciso (B) de nuestro Reglamento. 4 LPRA Ap. XXII-B, R. 83 (B).

---

[17] *Íd.*, Anejo 14, a la pág. 333 A.

## IV.

Por los fundamentos antes expuestos, se desestima el auto de *certiorari* solicitado.

Notifíquese **inmediatamente**.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones